# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

DANIEL AGRON,

        Plaintiff,

                                      DECISION & ORDER
v.                                       15-CV-6572

CAROLYN W. COLVIN,

        Defendant.

## Preliminary Statement

Plaintiff Daniel Agron ("plaintiff") brings this action pursuant to Title II and Title XVI of the Social Security Act, seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability insurance benefits and supplement security income. See Docket # 1. Presently before the Court are the parties' competing motions for judgment on the pleadings. Docket ## 10, 17.

On August 19, 2016, the undersigned heard arguments from both parties on their motions. See Docket # 19. After considering the points raised by counsel and reviewing their submissions to the Court, the undersigned issued a brief oral decision on the record. Accordingly, and for the reasons articulated by the Court at oral argument and below, it is hereby **ORDERED** that the Commissioner's motion for judgment on the pleadings (Docket # 17) is **denied** and plaintiff's motion for judgment on the pleadings (Docket # 10) is

granted.

## Discussion

While plaintiff raises a number of arguments in his motion, his primary argument - and the one argued most forcefully by plaintiff's counsel to the Court - is that the Administrative Law Judge ("ALJ") committed reversible error by failing to properly consider the medical opinions that plaintiff's mental impairments would impede his ability to maintain the attendance and concentration required to hold competitive employment. See Docket # 10-1 at 7-13. The Court agrees.

In his April 14, 2014 decision, ALJ Bruce S. Fein found that plaintiff had the residual functional capacity ("RFC") "to perform a low stress job with only occasional decision-making, changes [in] the work setting, and judgment required," and could occasionally interact with co-workers, supervisors, and the public. Administrative Record (Docket # 9) at 20 (hereinafter "AR"). "Based on [his] own review of the medical evidence of record," the ALJ also determined that plaintiff had only "a mild limitation in daily living activities, mild limitation maintaining social functioning and moderate limitation maintaining concentration, persistence or pace." AR at 19. In reaching these conclusions, the ALJ assigned at once "little weight" and "[g]reat evidentiary weight" to the opinion of Dr. Linda Meade, a state agency psychological consultant; "[g]reat

evidentiary weight" to the opinion of Dr. Mary Ann Moore, Psy.D., a psychiatric consulting examiner; and, evidently, little or no weight to the opinion of Dr. Paul Povanda, D.O., plaintiff's treating physician. AR at 19-21.

Plaintiff's issue with the ALJ's assessment of his non-exertional limitations, and an issue that troubles the Court, is that the ALJ's RFC assessment is based on the presumption that plaintiff has the mental capacity to maintain competitive employment in a low stress job. See Docket # 10-1 at 10-13. Numerous medical opinions of record, including all relevant opinions addressing plaintiff's mental impairments,[1] however, suggest that he does not. Dr. Moore, a psychiatrist who provided an opinion on plaintiff's mental health to which the ALJ assigned great weight, see AR at 20, opined that the results of her examination of plaintiff were "consistent with psychiatric issues which may significantly interfere with the claimant's ability to function on a daily basis." AR at 375. During her examination, Dr. Moore found that plaintiff became easily

---

[1] Counsel for the Commissioner claims the evaluation of Dr. Robert Russell, a staff psychologist at a mental health clinic who assigned plaintiff a GAF score of 70, also influenced the ALJ's non-exertional RFC assessment. See Docket # 17-1 at 16. The ALJ, however, made only a passing reference to the mental health clinic while outlining plaintiff's medical history and neither discussed nor incorporated the findings into his RFC assessment. See AR at 18, 20-21. Indeed, Dr. Russell's opinion, which focuses on plaintiff's drug, criminal and educational history, provides little insight into plaintiff's mental limitations or his ability to function in a work-like environment. See AR at 522-25.

overwhelmed, displayed a poor history of impulse control, experienced mood swings, and was prone to panic attacks and anxiety that could interfere with his ability to maintain a regular work schedule and make work-related decisions. AR at 374. Additionally, Dr. Povanda, plaintiff's treating physician, opined that plaintiff's anxiety disorder, among other disorders, would render plaintiff off-task for more than one-third of a normal workday. AR at 657. He also determined that plaintiff would experience fatigue, and would need to miss more than four days of work per month. AR at 657-58. Even Dr. Meade, a psychological consultant who never examined plaintiff, found that plaintiff's record indicated that he would have moderate limitations in his ability to complete a normal workday and workweek without interruptions from his mental impairments. AR at 393.

The ALJ improperly dismisses or ignores these findings, opting instead to adopt a novel medical opinion "based on [his] own review of the medical evidence of record . . . ." AR at 19. His dismissal of Dr. Povanda's treating source opinion as unsupported by his treatment records and any other treating source opinion of record, for example, is problematic at best. To start, it strikes the Court as unreasonable to expect Dr. Povanda to record in his treatment notes the kind of findings he was prompted to make in his treating source statement. See Ubiles v. Astrue, No. 11-CV-6340T, 2012 WL 2572772, at *9 (W.D.N.Y. July 2, 2012). Moreover, Dr. Povanda's opinion as

to plaintiff's non-exertional limitations is unsupported by other treating source opinions simply because, as best the Court can tell, no other treating source opinions were provided as to plaintiff's mental impairments. Indeed, the only other examining physician who commented on plaintiff's mental health is Dr. Moore, opining that plaintiff's impairments would "significantly" interfere with his ability to function daily. AR at 375. That conforms with Dr. Povanda's opinion that plaintiff would be off-task for one-third of the time in a normal workday and would need to miss more than four days of work per month. AR at 657-58. Strangely, the ALJ makes no mention of Dr. Moore's conclusions that plaintiff was significantly impaired and declines to incorporate them into his RFC assessment, despite assigning "[g]reat evidentiary weight" to her opinion. AR at 20-21.

Based on the above, it is clear to the Court that the ALJ's determination as to plaintiff's non-exertional RFC lacked support from substantial evidence of record. Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 447-48 (2d Cir. 2012) ("[Substantial evidence] means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."). After all, "[a]s explicitly stated in the regulations, RFC is a medical assessment; therefore, the ALJ is precluded from making his assessment without some expert medical testimony or other medical evidence to support his decision."

5

Gray v. Chater, 903 F. Supp. 293, 301 (N.D.N.Y. 1995) (citing 20 C.F.R. §§ 404.1513(c) and (d)(3)). Here, the ALJ discounted both a treating and non-treating examining physicians' opinions that plaintiff would be significantly limited in his ability to maintain the necessary attendance and concentration to hold competitive employment and provided no valid explanation for why this limitation was omitted. While it is true that an "ALJ is not obligated to reconcile explicitly every conflicting shred of medical testimony," the ALJ must explain why a medical opinion was not adopted when his RFC assessment conflicts with that medical source opinion – especially where, as here, the ALJ gave "[g]reat evidentiary weight" to the opinion undermining his RFC finding. Dioguardi v. Comm'r of Soc. Sec., 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (citations omitted); see also Searles v. Astrue, 2010 WL 2998676, at *4 (W.D.N.Y. July 27, 2010) ("An ALJ may not credit some of a doctor's findings while ignoring other significant deficits that the doctor identified." (citation omitted)). The ALJ failed to meet this obligation and instead "arbitrarily substitute[d] his own judgment for competent medical opinion. . . . [H]e is not free to set his own expertise against that of a physician who submitted an opinion or testified before him." Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998) (quotations and citation omitted). Accordingly, I find remand appropriate so that the ALJ may re-evaluate plaintiff's RFC in light of the record as a whole.

## Conclusion

For the reasons stated on the record and set forth above, the Commissioner's motion for judgment on the pleadings (Docket # 17) is **denied**, and plaintiff's motion for judgment on the pleadings (Docket # 10) is **granted**. This matter is remanded back to the Commissioner for further proceedings.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated:  August 26, 2016
        Rochester, New York